**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE 318 RETAIL, LLC, | } |
| | } |
| Alleged Debtor | }    Case No: 22-BK-02485 |
| | } |
| | }    Honorable Jaqueline P. Cox |

## RECEIVER'S MOTION FOR DISMISSAL AND/OR ABSTENTION IN RELATION TO INVOLUNTARY BANKRUPTCY CASE

NOW COMES James E. Sullivan, in his capacity as court-appointed Receiver for the assets of the Alleged Debtor, 318 Retail LLC, by and through his undersigned attorneys, and hereby moves the Court for an order dismissing the involuntary bankruptcy petition (the "Involuntary Petition") filed by Petitioning Creditor Republic Bank of Chicago ("Republic Bank") against 318 Retail, LLC. In support thereof, the Receiver respectfully states as follows:

### I.     INTRODUCTION

1.     As the Receiver stated in his Motion for an Extension of Time to Respond to the Involuntary Petition (Dkt. 21), the Circuit Court of Cook County, in Case No. 2011 D 007463 (hereinafter, the "Receivership Case"), entered an order on August 21, 2020 directing the Receiver, retired Judge James E. Sullivan, to take control of the assets of not only the respondent in the Receivership Case, Louis D'Angelo, but also "any business entity in which Louis has an interest, actual or constructive, including but not limited to...318 Retail, LLC." (See order appointing Receiver attached hereto as <u>Exhibit A</u>) (hereinafter, the "Receivership Order"). The Receivership Order directed the Receiver to "take possession of, manage, and arrange or the sale of…the property located at 318 S. Michigan Ave., Chicago, IL" (hereinafter, the "Subject Property"). *Id.*

2.     Republic Bank has been actively involved in the Receivership Case since February 2021. They initially filed three different Motions to Vacate the Receivership order in the

1

Receivership Case as it applies to the Subject Property - (1) a Verified petition to Vacate Portion of Court Order dated August 21, 2020, (2) An Amended Verified Petition to Vacate Portion of Court Order dated August 21, 2929, and (3) a Second Amended Verified Petition to Vacate Portion of Court Order Dated August 21, 2020. All of said motions were all denied or stricken. (Copies of orders denying said motions attached hereto as Exhibit B). Undeterred, Republic Bank then appealed the denial of said ruling to the Illinois Appellate Court, but they were again unsuccessful. (See *In re Marriage of W. Kehaulani Lum*, 2021 IL App (1st) 210981-U; Copy of opinion attached hereto as Exhibit C). This attempt by Republic Bank now to bring the matter into the bankruptcy court, without providing notice to the Receiver, and with an active attempt to deliberately prevent the Receiver from being heard, is just another example of bad faith conduct on behalf of Republic Bank. Counsel for Republic Bank admitted at the April 12, 2022 hearing before the Court that made the deliberate decision not to provide the Receiver with notice of the Involuntary Bankruptcy Petition. Then, Republic Bank actively filed pleadings opposing the Receiver's right to contest the petition (Dkt. 16 and 26).

3.   In addition to appearing in the Receivership Case and fighting the Receiver at every turn, Republic Bank also filed a foreclosure case against 318 Retail LLC in the Chancery Division of the Circuit Court of Cook County (Case No. 2020 CH 01632). Republic Bank is clearly a vexatious litigant. This Involuntary Bankruptcy filing is nothing more than Republic Bank's latest in a series of attempts to disrupt the Receivership Court's jurisdiction over the 318 S. Michigan Property and the Receivership Entities.

4.   As set forth herein, there are multiple grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 1011 of the Bankruptcy Rules. Republic Bank has failed to meet the requirements of section 303 of the Bankruptcy Code

because (a) Republic Bank does not hold claims that are undisputed, non-contingent and liquidated; (b) the Involuntary Petition has been filed in bad faith; and (c) abstention and dismissal under section 305(a) are appropriate because continuing the Receivership best serves the interests of 318 Retail, LLC and its creditors.

## II. JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (C).

6. The statutory bases for the relief sought are sections 303 and 305 of the Bankruptcy Code.

## III.   ARGUMENT

7. As explained herein, the Receiver is seeking to have the Involuntary Petition filed by Republic Bank of Chicago dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Said rule is made applicable to this matter by Rule 1011 of the Bankruptcy Rules. Specifically, Republic Bank has failed to comply with Section 303 of the Bankruptcy Code because their claim is not undisputed, non-contingent and liquidated. Moreover, it is the Receiver's position that the Involuntary Petition has been filed in bad faith, as amply demonstrated by Republic Bank's prior attempts to strip the Receiver of his rights to sell the Property, among other factors. Bad faith serves as an independent basis for dismissing an Involuntary Petition.

8. Even if the Court for some reason does not dismiss this case on the for the reasons discussed above, it should abstain and dismiss this case under section 305(a) of the Bankruptcy Code. The interests of 318 Retail, LLC and its bona fide creditors are best served by allowing the Receivership to continue. Republic Bank's bad faith filing has no bankruptcy purpose. This case

3

is essentially a two-party dispute, and the long pendency of the Receivership over the Alleged Debtor would make a bankruptcy duplicative and wasteful.

    A. **Because portions of Republic Bank's Purported Claims Are Disputed, the Involuntary Petition should be Dismissed Pursuant to 11 U.S.C. § 303**

    9.    Section 303 of the Bankruptcy Code sets forth the requirements for commencing an involuntary bankruptcy case. Specifically, section 303(b) of the Bankruptcy Code requires that a petitioning creditor be a "holder of a claim . . . that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. . ." 11 U.S.C. § 303(b). If there is a dispute as to liability or amount of the claim asserted by a petitioning creditor, then the creditor is not eligible to file the involuntary petition. *In re Skyworks Ventures, Inc.*, 431 B.R. 573, 577 (Bankr. D.N.J. 2010). In such a situation, dismissal of the petition is appropriate. *Id.* In 2005, Congress added the language "as to liability or amount" after "subject of a bona fide dispute" in the subject statute. H.R.REP. NO. 109–31 (2005). The burden of proof to show that the petitioning creditors' claims are not subject to bona fide dispute rests with the petitioning creditors. *In re Byrd*, 357 F.3d 433, 437 (4th Cir.2004); *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 715 (4th Cir.1993). The existence of unresolved litigation, like there is here with Republic Bank in the Receivership Court, is regularly viewed as evidence of a bona fide dispute. See *In re Green Hills Dev. Co., LLC,* 741 F.3d 651, 659 (5th Cir.2014) ("[b]ankruptcy courts routinely consider the existence and character of pending but unresolved litigation as evidence of a bona fide dispute"); *In re TPG Troy, LLC,* 492 B.R. 150, 159 (Bankr.S.D.N.Y.2013) ("Pending litigation over a claim strongly suggests, but does not establish, the existence of a bona fide dispute.")

    10.    As the Receiver previously pointed out, Republic Bank is claiming in its filings that their claim now apparently "exceeds $2,500,000," according to their brief filed on April 26, 2022. (Dkt. 26). However, the involuntary petition filed lists an amount of $505,847.25 as the "amount

of the claim above the value of any lien." (Dkt. 1). Additionally, the most recent payoff letter produced by Republic Bank indicated that the balance was $2,421,111.18, and that said figure included more than $110,000 in legal fees. The Receiver and his counsel have not even come close to racking up $110,000 in legal fees, despite the fact that much of the Receiver's time has been spent dealing with other properties and claimants. The Receiver's position is that there is a dispute as the amount of the Petitioning Creditor's claims. Certainly the legal fees attempting to be charged by Republic Bank have not been reviewed by any court of law, and Republic Bank should not be able to seek recovery for things like their time spent pursuing a baseless appeal that was ultimately dismissed. As set forth above, case law confirms that the existence of a factual and legal dispute as to the amount of the Petitioning Creditor's claims is alone sufficient to dismiss the Involuntary Petition. *In re BDC 56 LLC*, 330 F.3d 111, 118 (2d Cir. 2003). Dismissal is appropriate here.

### B. Republic Bank's Involuntary Petition Appears to Have Been Filed in Bad Faith.

11.     As explained herein, is the Receiver's position that the Involuntary Petition was also filed in bad faith and should therefore be dismissed on that basis. Filing an involuntary petition against a potential debtor in bad faith constitutes "an independent basis for dismissing [the] involuntary petition." *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328, 330 (3d Cir. 2015); see also *Atlas Mach.*, 986 F.2d at 716 (affirming dismissal after finding that petitioning creditor's decision to file involuntary petition was unreasonable, made in bad faith, and done for an improper purpose).

12.     The *In re Forever Green Athletic Fields, Inc.* court explained the underpinnings of a bad faith dismissal as follows:

> Involuntary Chapter 7 proceedings, it said, are intended to protect creditors from debtors who are making preferential payments to other creditors or from the dissipation of the

5

debtor's assets. Creditors who file petitions for other reasons—such as to collect on a personal debt, to gain an advantage in pending litigation, or to harass the debtor—act in bad faith. 804 F.3d at 332

13.    The *Forever Green Athletic Fields, Inc.* court ultimately held that the petitioning creditor was "bad-faith creditor because he was motivated by two improper purposes: to frustrate Forever Green's efforts to litigate its claim against ProGreen and to collect on a debt." *Id.*

14.    Here, there is no indication here that Republic Bank filed this Involuntary Petition to protect creditors from debtors who are making preferential payments to other creditors or from the dissipation of the debtor's assets. Rather, like in *Forever Green*, it appears that Republic Bank's motivation to file this involuntary petition was simply to frustrate the Receiver's efforts to sell the Property, and to collect on its own debt.

15.    Likewise, this Court explained in the *In re Meltzer* case that the purpose of an involuntary bankruptcy case is "to protect [against] the threatened depletion of assets or to prevent the unequal treatment of similarly situated creditors." 516 B.R. 504, 514 (Bankr. N.D. Ill. 2014), quoting *In re Letourneau*, 422 B.R. 132, 138 (Bankr.N.D.Ill.2010).  The court also explained that creditors are justified in filing an involuntary petition "where exclusive bankruptcy powers and remedies may be usefully invoked to recover transferred assets, to 'insur[e] an orderly ranking of creditors' claims' and 'to protect against other creditors obtaining a disproportionate share of debtor's assets." *Id.* at 514-515.  None of those particular situations are present here.  Republic Bank's claim will be addressed in an orderly process as part of the Receivership Case once the Property at issue is sold.  Republic Bank has never claimed that there is a need to prevent, for example, other creditors from obtaining a disproportionate share of debtor's assets.

16. The Third Circuit in *Forever Green* explained that the text of Section 303 supports the conclusion that "Congress intended for bad faith to serve as a basis for both dismissal and damages." 804 F.3d at 334.

17. There are important policy considerations associated with the Court's power to dismiss cases based on bad faith. "At its most fundamental level, the good faith requirement ensures that the Bankruptcy Code's careful balancing of interests is not undermined by petitioners whose aims are antithetical to the basic purposes of bankruptcy." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 119 (3d Cir.2004). The *Forever Green* court further explained that "as courts of equity, bankruptcy courts are equipped with the doctrine of good faith so that they can patrol the border between good- and bad-faith filings." 804 F.3d at 334, citing *In re SGL Carbon*, 200 F.3d at 161. See also *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1072 (5th Cir.1986) (explaining that the "good faith" requirement protects the "integrity of the bankruptcy courts by rendering their powerful equitable weapons ... available only to those debtors and creditors with 'clean hands'").

18. Courts have adopted certain tests to determine whether an involuntary filing has been made in bad faith. The various tests were described in the *Forever Green* case as follows:

> [s]ome courts … apply an "improper use" test, which asks whether a "petitioning creditor uses involuntary bankruptcy procedures in an attempt to obtain a disproportionate advantage for itself, rather than to protect against other creditors obtaining disproportionate advantages, particularly when the petitioner could have advanced its own interest in a different forum." Other courts apply an "improper purpose" test, which looks to whether the filing "was motivated by ill will, malice, or a desire to embarrass or harass the alleged debtor." Still others apply an "objective test," which assesses what a reasonable person would have believed and what a reasonable person would have done in the creditor's position. And yet other courts have applied a broad "totality of the circumstances" standard, which effectively combines all the tests and looks to both subjective and objective evidence of bad faith.
> *Forever Green*, 804 F.3d at 335–36.

19. The *Forever Green* court ultimately looked to the "totality of the circumstances" standard for determining whether there was bad faith under Section 303. However, under any of these tests, this Court should see that the Involuntary Petition was filed by Republic Bank in bad faith. As noted above, case law establishes that bad faith exists when an involuntary filing is made for an improper purpose, such as using it as a tactical advantage in a pending non-bankruptcy action, to harass a debtor (or, in this case, the Receiver), and when the timing of the filing is suspicious. *See Forever Green*, 804 F.3d at 336. This is not a situation where Republic Bank can claim that the involuntary bankruptcy is necessary to stop the debtor from dissipating assets or making preferential transfers to creditors; they likewise cannot claim that the bankruptcy case is necessary to reorganize an ongoing business. Just the opposite – the Receivership Court has been overseeing the Receivership and the Property for nearly two years.

20. The facts demonstrate that the Involuntary Petition was filed for no purpose other than to thwart the efforts of the Receiver to sell the Property and have another court decide the issue of who should have control over the property. *See, e.g., Forever Green*, 804 F.3d at 336 (explaining that a bad faith filing is evidenced by an involuntary petition "used as a tactical advantage in pending actions").

21. In the case of *In re WLB-RSK Venture*, 296 B.R. 509, 513, 515 (Bankr. C.D. Cal. 2003), the court dismissed an involuntary petition after finding that the petitioning creditor the petition "as a litigation tactic, after his litigation in other courts was unavailing, and in a forum shopping effort to avoid the latest, still pending litigation in the state court." As explained herein, Republic Bank's efforts to gain control of the Property in state court have been repeatedly unsuccessful, and thus it appears that they are now moving their claims to this Court to try to get control of the Property, just as the creditor did in *In re WLB-RSK Venture*. The court in *Quinto &*

*Wilks*, 531 B.R. at 609 similarly explained that "spite, ill will or maliciousness" are indicators of a bad faith filing. The filing of an involuntary petition despite knowing that a claim was the subject of a bona fide dispute has similarly been an indication of a bad faith filing. *See, e.g.*, *Forever Green*, 804 F.3d at 336. As mentioned above, Republic Bank has fought the Receiver at every turn in the Receivership case. Republic Bank then filed this action and not only deliberately failed to provide notice of the filing to the Receiver, but also strenuously objected to the Receiver even being able to state his position regarding the filing. (Dkt. 16 and 26).

22. Based on the foregoing, the Receiver sees adequate justification for this Court to dismiss the instant petition and assess sanctions against Republic Bank for the filing of this action. Section 303(i) describes several forms of relief a bankruptcy court can award a debtor when an involuntary case is dismissed other than on the consent of all petitioners and the debtor. Section 303(i)(1) permits the court to enter judgment against the petitioners for "(A) costs; or (B) a reasonable attorney's fee." 11 U.S.C. § 303(i)(1). Section 303(i)(2) adds that if any petitioner filed the petition in "bad faith," the court can enter judgment against that petitioner for "(A) any damages proximately caused by such filing; or (B) punitive damages." 11 U.S.C. § 303(i)(2).

C. **Abstaining and Dismissing Republic Bank's Involuntary Petition Under Section 11 U.S.C. § 305 is Appropriate**

23. Section 305 provides that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if - (1) the interests of creditors and the debtor would be better served by such dismissal or suspension. . . ." 11 U.S.C. § 305(a)(1). As explained herein, even in the event that this Court does not dismiss the Involuntary Petition for failing to state a claim under section 303 of the Bankruptcy Code, this Court should nonetheless abstain and dismiss this case under section 305 of the Bankruptcy Code.

9

24. "Whether to dismiss a case or abstain pursuant to section 305 is committed to the discretion of the bankruptcy court, and is determined based upon the totality of the circumstances." *In re Northshore Mainland Servs., Inc.,* 537 B.R. 192, 203 (Bankr. D. Del. 2015)

25. There are various factors that a bankruptcy court can evaluate in determining whether to abstain , including the following: (1) economy and efficiency of administration; (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a state insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction is sought. *In re Birchall*, 381 B.R. 13, 18 (Bankr. D. Mass. 2008).

26. As explained above, Republic Bank's filing of the Involuntary Petition is just another in the long line of filings designed to derail the Receivership and the proceedings in the Receivership Court. These factors listed above weigh in favor of this Court abstaining and dismissing Republic Bank's Involuntary Petition. Certainly from an efficiency and economic perspective, it makes sense for this case to proceed in the Receivership Court, where the proceedings have been pending for nearly two years, rather than starting over now. The time spent by the Receiver and his retained professionals, as well as all of the attorneys and parties involved in the Receivership Case, have been significant. The Receiver also did procure two separate offers to purchase the Property at issue. There is clearly another adequate forum to address these issues,

namely the Receivership Case pending in state court; federal proceedings are not necessary to address the rights of the parties here.

27. This is essentially two-party dispute between the Receiver and Republic Bank over control of the Property at issue, and the right to control the sale of the Property. The Receivership Court can decide on Republic Bank's claims against 318 Retail, LLC, as the Receivership Court is also dealing with the claims of other creditors relating to the receivership. The Receivership Court is available to protect the interests of both parties and determine the validity and proper amount of Republic Bank's alleged claims. See *In re Downstate News Grp., Inc.*, No. 05-95549, 2006 WL 1520267, at *2 (Bankr. C.D. Ill. May 31, 2006) (dismissing involuntary petition after finding that the requirements of Section 303 were not met, and explaining that "[e]ven if the Court had not found it appropriate to dismiss the instant involuntary petition pursuant to 11 U.S.C. § 303(b)(1), the Court would have found it proper to abstain from this matter under the terms of 11 U.S.C. § 305(a)(1).). The *Downstate News Group* court further explained that "[i]t is well established that the use of an involuntary bankruptcy filing is an improper method of resolving a two-party dispute…here is no efficiency of administration to be served by the filing of a Chapter 7 bankruptcy case in this matter, as that would merely add another layer of administrative effort and expense…neither party in this matter can demonstrate prejudice if they are forced to litigate their dispute in a state court of competent jurisdiction." *Id.*

28. Like in the *Downstate News Group* case, this Court should see that abstention is appropriate as the administration of justice would not be served by transferring this matter to a new venue. As explained herein, the Receivership has been pending in the Circuit Court of Cook County for nearly two years. In relation to the other piece of real property subject to the Receivership, the penthouse at 330 S. Michigan Avenue, the Receiver sold the property and paid

all creditors, including secured mortgagees. There is no reason to start over for 318 Retail, LLC due to a vexatious litigant.

29.     In determining whether to abstain, it is appropriate for a court to consider the length of time that a receiver has acted under a receivership order. *See e.g., In re Starlite Houseboats, Inc.,* 426 B.R. 375, 389 (Bankr. D. Kan. 2010) (dismissing the bankruptcy case under § 305(a)(1) after noting that a state court receivership had been pending for eight months); *In re Michael S. Starbuck, Inc.,* 14 B.R. 134, 135 (Bankr. S.D.N.Y. 1981) (dismissing involuntary petition where a receivership had been operating for 14 months); *In re Packard Square LLC*, 575 B.R. 768, 782 (Bankr. E.D. Mich. 2017) (dismissing case where receivership pending for eleven months). Abstention is appropriate here. There is no reason this Court should take over a case that has been pending in the Receivership Court for nearly two years.

WHEREFORE, the Receiver, James E. Sullivan, respectfully requests that the Court enter an Order dismissing the involuntary bankruptcy petition filed by Republic Bank of Chicago against the Alleged Debtor, awarding sanctions in the form of attorneys fees, costs, and punitive damages, and granting any further relief this Court deems fair and equitable.

Dated: June 15, 2022                                    Respectfully Submitted,
By:/s/ Thomas G. Gardiner

                                                               Thomas G. Gardiner
Shannon V. Condon
GARDINER, KOCH, WEISBERG & WRONA
53 West Jackson Blvd. Suite 950
Chicago, Illinois 60604
Ph:(312) 362-0000
Fax: (312)362-0440
tgardiner@gkwwlaw.com
scondon@gkwwlaw.com

*Attorney for Receiver James E. Sullivan*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2022, I electronically filed the foregoing Motion for Dismissal and/or Abstention in Relation to Involuntary Bankruptcy Case, with the Clerk of the United States District Court for the Northern District of Illinois, Bankruptcy Division using the CM/ECF system. Copies of the foregoing were served upon counsel of record via the CM/ECF system.

By:/s/ Shannon V. Condon

GARDINER, KOCH, WEISBERG & WRONA
53 West Jackson Blvd. Suite 950
Chicago, Illinois 60604
Ph:(312) 362-0000
Fax: (312)362-0440
scondon@gkwwlaw.com