EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| W. KEHAULANI LUM, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 2011 D 007463 |
| v. | ) |
| | ) Honorable James A. Shapiro |
| LOUIS D'ANGELO, | ) |
| | ) |
| Respondent | ) |
| | ) |

### AGREED ORDER APPOINTING RECEIVER

THIS CAUSE coming to be heard for status regarding the parties' agreement to appoint a receiver to take possession of, manage, and arrange for the sale of, certain real properties located at 330 S. Michigan Avenue, Unit 1905 and Unit 2005, Chicago, IL 60604 (PIN 17-15-107-049-1057 and PIN 17-15-107-049-1069; title under Louis D. D'Angelo and W. Kehaulani Lum, husband and wife, not as joint tenants or tenants in common, but as tenants by the entirety) and the property located at 318 S. Michigan Ave, Chicago, Illinois (PIN 17-15-107-053-0000, PIN 17-15-107-051-0000, PIN 17-15-107-078-1162 and PIN 17-15-107-077-1162; titled under 318 Retail, LLC, EIN 20-3875108) (collectively, the "Loop Properties"), the court being fully advised in the premises, the court makes and adopts the

### FOLLOWING FINDINGS:

1. W. KEHAULANI LUM ("Kehau") previously filed against LOUIS D'ANGELO ("Louis") an action for Dissolution of Marriage in the Circuit Court of Cook County, Illinois; under docket number 11 D 07463. The case is entitled "In Re the Marriage of: W. KEHAULANI LUM, Petitioner, and, LOUIS D'ANGELO".

2. On February 2, 2016, this court entered a Judgment of Dissolution of Marriage, which incorporated the parties' Marital Settlement Agreement ("MSA"), thereby resolving the case.

3. Louis failed to comply with, among other things, Paragraphs 6.03(b)(i), 3.01, and 5.01 of the MSA necessitating the filing of a Petition for Rule to Show Cause ("Petition") by Kehau on October 11, 2018.

4. On February 28, 2020, following a full hearing on Kehau's Petition, this court entered an order finding Louis to be in indirect civil contempt and, *inter alia*, found that Louis had failed to pay Kehau the sum of $2,737,430 plus statutory judgment interest. The court also ordered Louis to pay $50,000 to Kehau as a purge. The February 28, 2020 order further stayed the commitment of Louis to the Cook County Department of Corrections until March 27, 2020 pending a status on the payment of the purge.

5. On July 2, 2020, this court entered an order finding that Louis had failed to comply with the terms of the purge sent forth in the February 28, 2020 order and required the issuance of a body attachment. Accordingly, a series of orders were entered between July 2, 2020 and August 8, 2020 modifying the terms of Louis's bond as Louis had not paid any part thereof pursuant to the original February 28, 2020 order.

6. For purposes of this Letter Agreement "Louis David D'Angelo" or "Louis" means any of the following: (a) Louis David D'Angelo, individually; (b) any agent of Louis, anyone acting under Louis's control, anyone acting on Louis's behalf, and anyone on whose behalf Louis is acting; (c) any business entity in which Louis has an interest, actual or constructive, including but not limited to Boulevard Shoppes, LLC, Metropolitan Properties of Chicago, LLC, 310 Retail, LLC, 318 Retail, LLC, 310 Met Tower, LLC, L.D. D'Angelo Enterprises, LLC, MPC Acquisition Company I, LLC, MPC Investment Company II, LLC, IS Holdings, LLC, Metropolitan Tower II Member LLC, Metropolitan Tower II, LLC, 318 South Michigan Avenue, LLC, 310 South Michigan Avenue, LLC, and 1994, LLC; (d) any trust in which Louis has an interest, including but not limited to Louis D. D'Angelo Irrevocable Family Trust 2016; (e) any other assets in which Louis has or had any interest from **January 1, 2020 to present.**

7. Louis, an entity in which Louis has an interest, and/or an individual acting on Louis's behalf or in his interest, maintains an interest in a number of properties and businesses, including, but not limited to, the following:

   a. Boulevard Shoppes, LLC;

   b. Metropolitan Properties of Chicago, LLC;

   c. 310 Retail, LLC;

   d. 318 Retail, LLC;

   e. 310 Met Tower, LLC;

   f. L.D. D'Angelo Enterprises, LLC;

   g. MPC Acquisition Company I, LLC;

   h. MPC Investment Company II, LLC;

   i. IS Holdings, LLC;

   j. Metropolitan Tower II Member LLC;

   k. Metropolitan Tower II, LLC;

   l. 318 South Michigan Avenue, LLC;

   m. 310 South Michigan Avenue, LLC;

   n. 1994, LLC;

   o. Royal Blue LP;

   p. 330 South Michigan Avenue, Chicago, Illinois; and

q.  318 South Michigan Avenue, Chicago, Illinois;

8.  The parties have agreed that, upon Louis's execution of this order, as well as a power of attorney and any necessary quitclaim deeds, his cash bond shall be lowered to $0. The parties further agree that neither this order, nor any order entered contemporaneous therewith, shall be deemed to supersede any other rights of enforcement which may be available to Kehau, provide a defense against any claims that Kehau may make to enforce the terms of the MSA; or in any way preclude Kehau from any future claims or actions in regard to the MSA and/or her rights pursuant thereto.

9.  Kehau's attorneys have advised and fully informed her of her rights in the premises and is entering into this agreed order of her own volition, free of any duress or coercion;

10. Louis has entered his own pro se appearance, has been given the opportunity to review the terms of this order, and is fully aware of his rights in the premises and is entering into this agreed order of his own volition, free of any duress or coercion. Louis further agrees that he is entering into this agreed order in order to satisfy the terms of his bond, and is explicitly agreeing to do so rather than posting any cash bond to Kehau;

## BASED ON THE FOLLOWING AND THE FACTS SET FORTH IN THE RECORD, IT IS HEREBY AGREED AND ORDERED:

1.  In order to satisfy Louis's obligations to Kehau under the MSA, James E. Sullivan of the Law Offices of James E. Sullivan is hereby appointed to serve without bond as the Receiver (the "Receiver"), and is directed to take possession over the over the Loop Properties including all units, improvements, fixtures, appurtenances, materials, and equipment thereon, and to preserve and protect the value of that properties, to put it into saleable condition, and to arrange for the sale of those properties, free and clear of any rights, titles, claims, or interests of Louis and/or his agents/assigns/affiliate entities.

2.  As more fully described herein, and subject to Kehau's approval, the Receiver shall have all of the rights and powers necessary to fulfill his obligations under this order, specifically including, but not necessarily limited to, the power to enter onto the Loop Properties, to manage the properties, to collect rents on the real properties, and to take any action reasonably necessary to protect and preserve the value of the real properties before the sale of the properties is finalized. As more fully described herein, the Receiver and his agents are further authorized to make expenditures of funds for reasonable and necessary maintenance and improvements, including but not limited to the purchase of properties and liability insurance.

3.  The Receiver is hereby authorized to obtain and/or renew all insurance policies that the Receiver deems necessary for the protection of the receivership in relation to the Loop Properties, the interests of the Receiver, and the interests of the parties to this action. The Receiver may finance new insurance policies, if necessary.

3

4. The Receiver is hereby authorized to open, change, and terminate accounts with utility providers or vendors, including but not limited to electric, gas, water, sewer, trash, waste, cable, internet, and telephone providers, as well as properties managers.

5. The Receiver is authorized to take all actions necessary to take title to the Loop Properties and to sell the Loop Properties, provided that the Receiver shall discuss the sales price of the Loop Properties with Kehau. If Kehau and the receiver are unable to agree regarding a specific listing price, the issue will be resolved by the court. The Receiver shall hold and account for the proceeds of any sale, paying such administrative expenses as authorized by this court.

6. The Receiver, in the exercise of his business judgment and without further order of this court, may, but is not required to, pay any obligation relating to the Loop Properties that is less than five-thousand dollars ($5,000). Unless otherwise indicated in this order, the Receiver may not pay any claim in excess of five-thousand dollars ($5,000) without further order of this court.

7. Louis, including all other persons/entities in active concert or participation with Louis, shall:

    a. Cooperate with the Receiver and comply with the Receiver's requests for information and documentation;

    b. Not interfere with or in any way hinder the Receiver's operation;

    c. Be enjoined, stayed, and prohibited from taking any action for or on behalf of the Loop Properties other than as specified in this order or as directed by the Receiver or the court;

    d. Immediately provide the Receiver with copies all keys, books, records, documents computer hardware and software, mail and correspondence which may contain information regarding the Loop Properties.

8. Simultaneously with this Agreed Order, Louis shall execute a power of attorney and quitclaim deed as directed by the Receiver. In addition, within seven (7) business days of the entry of this Order, Louis shall do the following:

    a. File with the court and serve upon the Receiver a sworn statement, listing:

        i. The identity, location and estimated value of all assets relating to the Loop Properties, including contact information for the party in possession of such assets;

        ii. All employees (and job titles thereof), other personnel, attorneys, accountants, and any other agents or contractors involved in any way with the Loop Properties;

4

    iii. All tenants currently residing at the Loop Properties, including all contact information, the amount of current rent, any outstanding rents, and information regarding any security deposits; copies of all leases shall also be provided; and

    iv. The amount and nature of all liabilities relating to the Loop Properties, including without limitation the names, addresses and amounts of claims of all known creditors. Such sworn statement shall include the names, addresses, telephone numbers, facsimile numbers, and e-mail addresses of the holders of any legal, equitable, or beneficial interests in such assets and the names, addresses, telephone numbers, facsimile numbers, and e-mail addresses of any financial institutions or other persons or entities holding such assets, along with the account numbers and balances.

The sworn statements shall be accurate as of the date of this Order, shall be signed and verified as true and complete under penalty of perjury.

b. Louis shall disclose, and shall provide a list of, the names of all business entities in which he has an interest, either individually or held constructively for his benefit, whether a corporation, partnership, interest in an LLP, LLC, or any other form of business entity for which there is an Employee Tax ID Number other than those set forth above. Louis shall also disclose, and shall provide a list of, identifying information (*e.g.*, locations, names, account numbers, contact information, property ID's and/or pin numbers, etc.) for all bank accounts, retirement accounts, credit cards, lines of credit, real property (whether commercial or residential), loans, and any other source of any nature or description from which he is able to draw funds or to which he has access. Moreover, if Louis obtains any additional interest(s) or asset(s) such as those described in this paragraph, he shall disclose the aforementioned information within 24 hours of receiving the same.

c. Louis has represented that he is working on a number of "deals" which he expects will enable him to make financial payments to Kehau. Accordingly, Louis shall disclose, and shall provide a list of all identifying information (*e.g.*, locations, names, contact information, etc.) for any individual, corporation, or entity with which he is engaged in negotiations, preliminary discussions, or communications of any type which may pertain to the sale of any asset or property (of any nature or description) in which Louis has any interest. Louis shall also tender any documentation, including but not limited to communications, financial disclosures, income and expense statements, income tax returns, financial statements, draft agreements, and term-sheets which are related to the aforementioned negotiations for any entity in which he has an interest or which he is negotiating to purchase or sell, and any documents, including but not limited to any contract to purchase such entities, or sell such entities, for each entity and any listing agreements for sale. Moreover, if Louis engages in any future negotiations or "deals" such as those

described in this paragraph, he shall disclose the aforementioned information within 24 hours of receiving the same.

d. Louis shall execute any other documents necessary to enforce the terms of this order as directed by the Receiver.

9. The Receiver's retention of Shannon Condon, Esq., of Gardiner Koch Weisberg & Wrona, as counsel for the Receiver is hereby approved. The Receiver's retention of Arthur Murphy of Murphy & Smith as real estate counsel is hereby approved. The Receiver's retention of Daniel Pyne as a listing agent to sell the Loop Properties is also approved. The Receiver is further authorized to hire, retain, and otherwise obtain the advice of accounting professionals and business management professionals as may be necessary to the proper discharge of the Receiver's duties. The Receiver may also employ his own bookkeepers and/or accountants.

10. The Receiver and his professionals shall receive reasonable compensation for their services, payable from the Respondent and/or funds realized from collection upon or liquidation of the Loop Properties. The Respondent is responsible for payment of all approved fees and costs relating to the services of the Receiver and his retained professionals. The Receiver or his attorneys may also use or establish a segregated Retainer Account and may require the Respondent to pay a retainer of up to $10,000 and maintain a balance of up to $10,000 to the extent that funds to maintain the Loop Properties are not otherwise readily available.

11. Unless otherwise approved by this court, the Receiver shall bill at a rate of $300 per hour, associate attorneys representing the Receiver shall bill at a rate of $250 per hour, and partner attorneys representing the Receiver shall bill at a rate of $300 per hour. Real estate counsel Arthur Murphy and listing agent Daniel Pyne may charge their standard rate for any real estate services provided to the Receiver in relation to the Loop Properties. The court will review fee requests for other professionals for reasonableness absent an agreement by the Receiver and Kehau.

12. Within forty-five (45) days after the end of each calendar quarter, or at such other time as the court directs, the Receiver and his non-real estate counsel shall apply to the court for compensation and expense reimbursement from the Receivership Estate. The Receiver and his counsel shall serve upon the parties a complete copy of the proposed application, together with all exhibits and relevant billing information.

13. The Receiver may apply to this court by motion and upon notice to all parties in interest for further order or other authority as may be necessary to perform the Receiver's duties.

14. The Receiver shall have and enjoy all the powers, immunities, privileges, and prerogatives ordinarily provided to receivers under applicable law unless otherwise prohibited by this Order.

15. Any debts, liabilities, or obligations the Receiver incurs in the course of the receivership, whether in the name of the Receiver, the Respondent and/or his affiliate entities, the Loop Properties, or the Receivership Estate, shall be the debt, liability, and obligation of the Respondent alone and not of Kehau, the Receiver or any employee or agent personally. All who act or have acted on behalf of and at the request of the Receiver shall have the same protections and privileges of the Receiver. Nothing contained in this Order, nor the grant or exercise of any powers provided for herein by the Receiver shall cause said Receiver to be considered a past or present owner, operator, or other potentially responsible or liable party pursuant to any provision of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq.; the Hazardous Site Response Act ("HSRA"), O.C.G.A. § 12-8-90, et seq.; or incur liability pursuant to any other statutory, regulatory, common law, or strict liability theory.

16. This court shall retain exclusive jurisdiction to preside over any actions filed concerning the Receiver's appointment and administration of his duties. No action may be brought against the Receiver or those acting on his behalf except upon further order of this court.

17. Until further order of court or agreement of the parties, Louis shall be prohibited from incurring any debt, lien, or encumbrance of any nature or description against any property (whether real property or otherwise) in which he has an interest without the explicit written approval of Kehau. Louis and all other persons or entities acting in concert with, or on his behalf, are hereby restrained and enjoined from interfering in any way with the Loop Properties, or with the Receiver, or with the Receiver's efforts to comply with his obligations under this Order. In the event that Louis fails or refuses to comply with any provision of this agreed order, or in any way interferes with the implementation or fulfilment of this order whether through direct or indirect action or inaction, then the body attachment order shall be reinstated and he shall be sent back to the Cook County Department of Corrections on such terms and conditions as the court may order until further order of court.

18. This Order shall be in full force and effect as of the date entered, and there is no just cause for delay.

ENTERED:   August 21, 2020

_____ 1975

JUDGE JAMES A. SHAPIRO

W. Kehaulani Lum

_____
W. KEHAULANI LUM

_____
LOUIS D'ANGELO

Drafted by: Berger Schatz LLP (Firm ID 42030)
Attorney for Kehau Lum
161 N. Clark Street, Suite 2800, Chicago, Illinois 60601
Phone (312) 782-3456 / Fax (312) 782-8463
Service via email *only* accepted at: emailnotice@bergerschatz.com

EXHIBIT B

*25265*
*Leon*
*Divorces*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

W. KEHAULANI LUM,        )
                                  )
              Plaintiff,      )
                                  )
        v.                      )    Case No.: 2011 D 007463
                                  )
LOUIS D'ANGELO,        )
                                  )
              Defendant,     )
                                  )
REPUBLIC BANK OF CHICAGO,    )
                                  )
              Intervenor.    )

**ENTERED**

**April 22, 2021**

Iris Y. Martinez
Clerk of the Circuit Court
of Cook County, IL

DEPUTY CLERK _____ *GB*

## ORDER

    This cause coming on to be heard on Verified Petition of the Intervenor Republic Bank of Chicago to Vacate a Portion of the Court's Order dated August 21, 2020 appointing a receiver for the commercial real estate commonly known as 318 S. Michigan Avenue, Chicago, Illinois, first floor, second floor and lower floor, the matter having been fully briefed and the Court being advised in the premises,

    IT IS ORDERED that pursuant to the affirmative matter set forth in the Response of W. Kehaulani Lum to Republic Bank's Verified Petition is stricken pursuant to Local Circuit Court Rule 13.4(c);

    IT IS FURTHER ORDERED that Republic Bank is granted 28 days to amend its Verified Petition if it so elects (May 19, 2021).

    IT IS ALSO ORDERED that this cause is set for further status on all matters for June 16, 2021 at 10:00 a.m. without further notice.

Meeting ID: 977 7074 1611
Password: 319346
Dial-In Number: 312.626.6799

April 22, 2021

_____ 1975
JUDGE

Edward P. Freud
Ruff, Freud, Breems & Nelson Ltd.
200 North LaSalle Street, Suite 2020
Chicago, IL 60601, (312) 602-4890
Firm ID: 90713
epfreud@rfbnlaw.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

W. KEHAULANI LUM,                    )
                                     )
                    Plaintiff,       )
                                     )
            v.                       )        Case No.: 2011 D 007463
                                     )
LOUIS D'ANGELO,                      )        **ENTERED**
                                     )
                    Defendant,       )        July 20, 2021
                                     )        Iris Y. Martinez
REPUBLIC BANK OF CHICAGO,            )        Clerk of the Circuit Court
                                     )        of Cook County, IL
                    Intervenor.      )        DEPUTY CLERK _____

### ORDER

This cause coming on to be heard pursuant to the Court's Order of May 25, 2021, Republic Bank's Second Amended Motion to Vacate a Portion of the Court's Order dated August 21, 2020 as well as the Motion to Dismiss pursuant to 735 ILCS 5/2-615 of W. Kuhaulani Lum ("Lum") having been fully briefed and the Court being advised in the premises and all counsel present;

IT IS ORDERED that Lum's Motion to Dismiss is denied; and

IT IS FURTHER ORDERED that Republic Bank's Second Amended Motion to Vacate a Portion of the Court's Order dated August 21, 2020 is denied.

July 20, 2021

_____ 1975
JUDGE

Meeting ID:  977 7074 1611
Password:  319346
Dial-In Number:  312.626.6799

Edward P. Freud
Ruff, Freud, Breems & Nelson Ltd.
200 North LaSalle Street, Suite 2020
Chicago, IL 60601, (312) 602-4890
Firm ID: 90713
epfreud@rfbnlaw.com

# EXHIBIT C

2021 IL App (1st) 210981-U

SECOND DIVISION
December 28, 2021

1-21-0981

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF | ) |
| | ) |
| | ) |
| W. KEHAULANI LUM, | ) Appeal from the |
| | ) Circuit Court of |
| Petitioner, | ) Cook County. |
| | ) |
| and | ) No. 11 D 7463 |
| | ) |
| LOUIS D'ANGELO, | ) Honorable |
| | ) James A. Shapiro, |
| Respondent | ) Judge Presiding. |
| | ) |
| (Republic Bank of Chicago, Intervenor-Appellant, and | ) |
| James E. Sullivan, Court-Appointed Receiver- | ) |
| Appellee). | ) |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held:* We affirm the order of the circuit court denying Republic Bank's motion to vacate an order appointing a receiver, and we remand the cause for further proceedings. The court did not abuse its discretion when it denied Republic Bank's motion to vacate on grounds it did not receive prior notice. Republic Bank was not a party to the dissolution of marriage case when the receiver was appointed; and therefore, Republic Bank was not required to be notified prior to the court's appointment of the receiver.

¶ 2        This interlocutory appeal arises from an order of the circuit court denying the Republic

Bank of Chicago's motion to vacate the appointment of a receiver for commercial real estate in a

post-dissolution proceeding. Republic Bank contends: (1) the court denied its procedural due

process rights of notice and an opportunity to be heard before appointing a receiver; (2) the court

denied its statutory rights to notice and a full hearing before waiving the bond requirement; and

(3) the court abused its discretion in appointing a receiver under the circumstances.

¶ 3        For the following reasons, we affirm the circuit court's order.

¶ 4                                    BACKGROUND

¶ 5        In February 2016, the circuit court entered a judgment dissolving the marriage between

W. Kehaulani Lum and Louis D'Angelo. Their marital settlement agreement provided for the

sale and distribution of the proceeds from real estate properties including unfinished commercial

space at 318 S. Michigan Avenue.

¶ 6        In October 2018, Lum filed a petition for a rule to show cause against D'Angelo based on

his failure to comply with certain provisions of the marital settlement agreement requiring him to

pay Lum a substantial sum of money. After a full hearing in February 2020, the circuit court

entered an order finding D'Angelo in indirect civil contempt for failing to pay Lum $2,737,430

plus statutory judgment interest. The court ordered D'Angelo to pay $50,000 to purge his

contempt and stayed his commitment to Cook County jail for a status date. In July 2020, the

court issued a body attachment against D'Angelo for failing to purge his contempt.

¶ 7        On August 21, 2020, the court adopted and entered an agreed order presented by Lum

and D'Angelo to purge D'Angelo's contempt. The order appointed James E. Sullivan as the

receiver for several parcels of real estate including the commercial real estate at 318 S. Michigan

Avenue, which was titled under 318 Retail, LLC where D'Angelo has an interest. The parties

1-21-0981

agreed to reduce D'Angelo's "cash bond" to zero dollars and agreed to the appointment of the

receiver "without bond" to satisfy D'Angelo's obligations to Lum under their marital settlement

agreement. Additionally, D'Angelo agreed to submit a sworn statement listing the amount and

nature of all liabilities related to the real estate properties.

¶ 8       On February 16, 2021, Republic Bank filed its appearance and petition to intervene in the

post-dissolution proceeding. The court granted Republic Bank's petition to intervene for the

purpose of challenging the August 21, 2020 order appointing the receiver.

¶ 9       In April 2021, Republic Bank filed a second-amended "petition to vacate" the

appointment of the receiver. Republic Bank alleged a deprivation of its procedural due process

rights to notice and an opportunity to be heard before the appointment of the receiver. Republic

Bank also alleged a deprivation of its statutory rights to notice and a full hearing before waiving

the bond requirement under section 2-415(a) of the Code of Civil Procedure (735 ILCS 5/2-

415(a) (West 2020)). Republic Bank stated 318 S. Michigan Avenue was encumbered by a first

mortgage and assignment of rents to Republic Bank in 2016 before the order appointing the

receiver was entered. Republic Bank also attached a copy of its foreclosure complaint filed in

February 2020 before the order appointing the receiver in this post-dissolution proceeding.

According to Republic Bank, "[t]here is no factual question that Republic Bank was not a party

defendant at the time of the entry of the Order and otherwise was not afforded an opportunity to

be heard on the issues before the entry of the Order." Moreover, Republic Bank alleged the

appointment was clearly erroneous and noted the appointment of the receiver occurred when

there was no motion to do so.

¶ 10      The receiver filed a response brief opposing Republic Bank's second-amended petition.

Lum filed a motion to dismiss.

1-21-0981

¶ 11   Following a hearing, the court denied Republic Bank's second-amended petition to

vacate the appointment of the receiver and denied Lum's motion to dismiss. The court noted

Republic Bank was not a party to the post-dissolution proceeding on August 21, 2020, when the

receiver was appointed by agreement of Lum and D'Angelo. The court ruled procedural due

process rights to notice and an opportunity to be heard apply to parties, not necessarily for non-

parties that have an interest in the property, even a publicized interest such as constructive notice

of a mortgage lien. Nevertheless, the court stated Republic Bank's due process concerns were

satisfied when it intervened and the receiver assured Republic Bank its mortgage lien would be

protected. Moreover, the court thought it was unnecessary for the receiver to post a bond on the

unfinished commercial space at 318 S. Michigan Avenue because the property is unrentable.

¶ 12   Republic Bank filed this interlocutory appeal under Illinois Supreme Court Rule

307(a)(2), (b) (eff. Feb. 26, 2010).

¶ 13          ANALYSIS

¶ 14   Republic Bank contends the trial court denied its procedural due process rights of notice

and an opportunity to be heard by appointing a receiver without giving it prior notice. Republic

Bank also argues the order appointing the receiver must be vacated because the trial court failed

to conduct a hearing before waiving bond as required by statute. Finally, Republic Bank argues

that this is not an appropriate case for the appointment of a receiver.

¶ 15          Standing

¶ 16   We initially address Republic Bank's argument, raised for the first time in its reply brief,

that the receiver lacks standing to appear and defend the judgment in this appeal. The receiver

filed a brief in the trial court and an attorney representing the receiver participated in oral

argument to oppose Republic Bank's motion to vacate the order appointing the receiver.

4

1-21-0981

Republic Bank did not object to the standing of the receiver to file briefs and argue in opposition

to Republic Bank's motion in the trial court. Our supreme court has stated that "lack of standing

in a civil case is an affirmative defense, which will be waived if not raised in a timely fashion in

the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988).

¶ 17          Furthermore, Republic Bank did not raise the issue of the receiver's standing in its

opening brief and is therefore in violation of Illinois Supreme Court Rule 341 which states, "

'Points not argued [in the opening brief] are waived and shall not be raised in the reply brief

***.' " *Cain v. Joe Contarino, Inc.*, 2014 IL App (2d) 130482, ¶ 56 (quoting Ill. S. Ct. R.

341(h)(7) (eff. Feb. 6, 2013); and citing *Franciscan Communities, Inc. v. Hamer*, 2012 IL App

(2d) 110431, ¶ 19). " 'The reply brief, if any, shall be confined strictly to replying to arguments

presented in the brief of the appellee * * *.' " *Id.* (quoting Ill. S. Ct. R. 341(j) (eff. Feb. 6, 2013)).

We find that Republic Bank has waived the standing issue by failing to raise the issue in the trial

court and in its opening brief in this court. See *id.*; see also *Greer*, 122 Ill. 2d at 508.

¶ 18                                   Notice and Due Process

¶ 19          Republic Bank next claims it was entitled to notice before the receiver was appointed.

Republic Bank argues that because it was not given notice, it was denied due process and the

order appointing the receiver should be vacated.

¶ 20          The receiver responds that Republic Bank was not a party to this lawsuit when the order

appointing a receiver was entered and Republic Bank has not cited any authority requiring non-

party creditors in a lawsuit to receive notice prior to the appointment of a receiver.

¶ 21          Republic Bank was granted leave to intervene after the appointment of the receiver. Yet

Republic Bank's status as an intervenor entitles it to notice of all matters that occurred *after* its

intervention in the case, not before. See *In re Marriage of Clark*, 170 Ill. App. 3d 690, 692

(1988) (the Department of Public Aid, as an intervenor, had all the rights of an original party and was entitled to notice in all future proceedings after its intervention).

¶ 22    We find Republic Bank's due process claims are meritless. Procedural due process claims challenge the constitutional sufficiency of the specific measures used to deny a person's life, liberty, or property interests. *Village of Vernon Hills v. Heelan*, 2015 IL 118170, ¶ 31. Under our federal and state constitutions, due process demands that orderly proceedings according to established rules should be observed. *Lincoln-Lansing Drainage District v. Stone*, 365 Ill. 41, 45 (1936). " 'A court will find a due process violation only if there is a showing of prejudice.' " *Mohorn-Mintah v. Board of Education of City of Chicago*, 2019 IL App (1st) 182011, ¶ 31 (quoting *Gonzalez v. Pollution Control Board*, 2011 IL App (1st) 093021, ¶ 42).

¶ 23    Where the person has "due and sufficient notice" and an adequate opportunity to be heard, the constitutional demands of due process are met. *Lincoln-Lansing Drainage District*, 365 Ill. at 45. A procedural due process claim is a question of law subject to *de novo* review. *Village of Vernon Hills*, 2015 IL 118170, ¶ 31.

¶ 24    In this case, the trial court conducted a full hearing on Republic Bank's objections to the appointment of a receiver. Therefore, Republic Bank has suffered no prejudice from the alleged lack of notice where the circuit court allowed it to intervene in this post-dissolution hearing and heard its objections to the appointment of the receiver at a full hearing. See *Iroquois Furnace Co. v. Kimbark*, 85 Ill. App. 399, 404 (1899) (The record conclusively shows the appellant suffered no prejudice due to lack of notice where "upon a full hearing participated in by appellant, the court afterward denied a motion to vacate the order of appointment."); see generally *Lincoln-Lansing Drainage District*, 365 Ill. at 45 (The respondent was afforded due process upon "sufficient notice and an adequate opportunity to present his defense."). Having intervened and

1-21-0981

obtained a hearing on the issues raised in this appeal, Republic Bank cannot complain it had no opportunity to be heard or suffered due to lack of notice. See *Kilpatrick v. Buhlig*, 294 Ill. App. 304, 312 (1938) (The record title holder was not a party of record at the time the receiver was appointed but subsequently appeared and had a hearing on his objections.). We cannot conclude on the record before us that the trial court denied Republic Bank its procedural due process rights of notice and an opportunity to be heard before appointing the receiver.

¶ 25                                   Bond Requirement

¶ 26        Next, Republic Bank contends the order appointing the receiver must be vacated because the trial court denied its statutory rights to notice and a full hearing before waiving the bond requirement. Whether a party received proper or sufficient notice is a question of law subject to *de novo* review. *Stewart v. Lathan*, 401 Ill. App. 3d 623, 626 (2010).

¶ 27        In support of its argument, Republic Bank cites section 2-415(a) of the Code of Civil Procedure (735 ILCS 5/2-415(a) (West 2020)). Section 2-415(a) provides that before a receiver is appointed, the party seeking the appointment of a receiver must give a bond to the "adverse" party unless the court determines a bond is not required after "notice and full hearing." *Id.*

            "(a) Before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court may order and with security to be approved by the court conditioned to pay all damages including reasonable attorney's fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside. Bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of the opinion that a receiver ought to be appointed without such bond." *Id.*

7

¶ 28        The receiver argues the statute is inapplicable to the facts of this case. The statute does not provide a basis to vacate the order because Republic Bank was not a party, let alone an adverse party, at the time the appointment was made. Rather, the appointment was made in the exercise of the court's equitable power pursuant to the agreed order of the parties. Although some statutes provide for the appointment of a receiver, the power to appoint a receiver is part of the inherent equity jurisdiction of the court and not dependent on any statute. *Compton v. Paul K. Harding Realty Co.*, 6 Ill. App. 3d 488, 498 (1972); *Chicago Title & Trust Co. v. Mack*, 347 Ill. 480, 483 (1932). Moreover, a court may appoint a receiver without a motion from any party. *Schroeder v. Meier-Templeton Associates, Inc.*, 130 Ill. App. 3d 554, 561-62 (1984).

¶ 29        As an intervenor, Republic Bank is not an "adverse" party in the post-dissolution proceeding between Lum and D'Angelo. See *In re Marriage of Pal*, 397 Ill. App. 3d 903, 911 (2010) (In a dissolution action, the spouses are the "opposing" parties.); see also *In re Marriage of Kane*, 2018 IL App (2d) 180195, ¶¶ 20-21 (intervenor seeking attorney fees under the Illinois Marriage and Dissolution of Marriage Act is not an "opposing" party in a dissolution action). Only Lum and D'Angelo were opposing parties and they agreed to not require bond from each other. Moreover, the statute at issue requires the party requesting the receivership to give bond to the adverse party. The statute does not require the receiver to give bond.

¶ 30        The adverse parties agreed in the order that bond, which would be required for their protection, would be waived. A party may waive statutory rights, substantive rules of law, and constitutional rights enacted for their benefit. *Doe v. Northwestern Memorial Hospital*, 2014 IL App (1st) 140212, ¶ 58. The receiver was appointed by the court in the exercise of its equitable powers and the agreement of the adverse parties. Here, it is clear that Republic Bank was not a *party* to this case, (and consequently not an *adverse party*) prior to the appointment of the

1-21-0981

receiver. Thus, Republic Bank was not entitled to notice, and a bond was not required where it was waived by the parties entitled to the protection of a bond. In so finding, we necessarily reject Republic Bank's assertion that the receiver waived any argument that his appointment was a proper exercise of the circuit court's discretion. Although issues not raised by appellants in their briefs are generally considered waived, appellees like the receiver may advance any point in support of the judgment on appeal that is supported by the record regardless of whether the point was raised before the trial court, and we may affirm on that basis. *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 37 (1994).

¶ 31                              Appropriateness of Receivership

¶ 32        Nevertheless, Republic Bank contends the trial court abused its discretion in appointing a receiver under the circumstances. Republic Bank asserts neither Lum nor D'Angelo own 318 S. Michigan Avenue, there is no evidence that property has been the subject of neglect or misconduct, and the receiver was merely appointed to satisfy D'Angelo's obligations to Lum under their marital settlement agreement.

¶ 33        A receiver is a neutral person appointed by the court to take possession and hold property for the benefit of the party ultimately entitled. *In re Marriage of Pick*, 167 Ill. App. 3d 294, 299 (1988). A receiver is considered an officer of that court. *City of Chicago v. Jewellery Tower, LLC*, 2021 IL App (1st) 201352, ¶ 45. The appointment of a receiver is an equitable remedy independent of any statute. *Witters v. Hicks*, 335 Ill. App. 3d 435, 446 (2002). Even so, section 2-415(a) of the Code of Civil Procedure provides for the appointment of a receiver, which rests in the discretion of the trial court. See 735 ILCS 5/2-415(a) (West 2020); *Pick*, 167 Ill. 2d at 299. When a proper case is made, the court may appoint a receiver on its own motion. *Schroeder v. Meier-Templeton Associates, Inc.*, 130 Ill. App. 3d 554, 561-62 (1984).

1-21-0981

¶ 34        We review the trial court's decision to appoint a receiver for an abuse of discretion. *City of Chicago*, 2021 IL App (1st) 201352, ¶ 45. An abuse of discretion occurs where no reasonable person would take the view adopted by the court. *Id.* ¶ 46. Put another way, the trial court abuses its discretion by acting arbitrarily, failing to employ conscientious judgment, and ignoring recognized principles of law. *Id.*

¶ 35        Generally, the appointment of a receiver is appropriate where the applicant shows a right to an asset and there is a risk of loss or harm to that asset. *Bagdonas v. Liberty Land & Investment Co.*, 309 Ill. 103, 110 (1923). Courts of equity have power to appoint a receiver, but that discretion should be exercised "for the benefit of creditors or other interested parties only when the necessity therefor clearly appears." *Id.* at 111. Moreover, the Illinois Marriage and Dissolution of Marriage Act grants trial courts broad equitable powers to enter temporary relief including making provisions "for the preservation and conservation of marital assets during the litigation." 750 ILCS 5/102(10) (West 2020).

¶ 36        At the time the receiver was appointed, the circuit court had found D'Angelo in indirect civil contempt for failing to pay Lum $2,737,430 plus statutory judgment interest under their marital settlement agreement. The court ordered D'Angelo to pay $50,000 to purge his contempt and stayed his commitment to Cook County jail for a status date. When D'Angelo failed to purge his contempt, the court issued a body attachment against D'Angelo. Subsequently, the circuit court entered Lum and D'Angelo's agreed order appointing the receiver for 318 S. Michigan Avenue. The property was titled under 318 Retail, LLC where D'Angelo has a controlling interest. The agreed order stated the parties had agreed to reduce D'Angelo's "cash bond" to zero dollars and the appointment of the receiver "without bond" to satisfy D'Angelo's obligations to Lum under their marital settlement agreement. The marital settlement agreement provided for the

10

1-21-0981

sale and distribution of the proceeds from real estate properties including unfinished commercial space at 318 S. Michigan Avenue. D'Angelo's apparent inability to pay $50,000 to purge his contempt raised concerns about his ability to honor his obligations to Lum. We cannot say no reasonable judge would appoint a receiver for the sale of 318 S. Michigan Avenue under these circumstances. Accordingly, we conclude the circuit court did not abuse its discretion when it denied Republic Bank's motion to vacate the order appointing the receiver.

¶ 37                                             CONCLUSION

¶ 38          For the reasons stated, we affirm the order of the circuit court of Cook County and remand the cause for further proceedings.

¶ 39          Affirmed; cause remanded for further proceedings.